UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nathan Abshire,<br><br>Plaintiff,<br><br>v.<br><br>Hard Drive Productions Inc.,<br><br>Defendant. | Court File No. _____<br><br>COMPLAINT FOR<br>DECLARATORY JUDGMENT<br><br>Jury Trial Demanded |

Plaintiff Nathan Abshire, for his Complaint against the above-named Defendant, state and allege as follows:

## I.    THE PARTIES

1.      Plaintiff Nathan Abshire is an individual over the age of 18 residing at 1980 Ashland Avenue, Apt. 1, St. Paul, MN 55104 and is a citizen of Minnesota.

2.      Defendant Hard Drive Productions, Inc. is an Arizona corporation with its principal place of business at 3402 North 26th Pl. Phoenix, AZ  85016.

3.      Hard Drive's registered agent is Randy Parrish at 8410 East Cholla St.,  Scottsdale, AZ  85260.

4.      Hard Drive purports to be a leading producer of adult content within the "amateur" adult entertainment niche. Its primary website, www.amateurallure.com, publishes sexually explicit content featuring, what Hard Drive calls "real amateurs." Hard Drive's website also solicits females

ages 18 – 28 from throughout the United States to feature on its site, and asserts "you can make a lot more money per scene than you might realize."

5.      Hard Drive is a multi-employee business and spends hundreds of thousands of dollars each year in model fees and other expenses.

6.      Hard Drive purports to own dozens of copyrights to a narrow variety of sexually explicit audiovisual and photographic works.

7.      Hard Drive is a sophisticated, national litigant. Hard Drive has participated in more than 50 intellectual property actions in U.S. District Courts in Texas, Illinois, California, Florida, and Indiana.

8.      Nearly all of these actions have involved mass allegations against "John Doe" defendants of infringement of Hard Drive's purported copyrights to pornographic works. Hard Drive attempts to identify the Does by discovering the names associated with Internet Protocol addresses ("IP addresses"). After filing Doe actions, Hard Drive seeks discovery from various Internet Service Providers ("ISPs"), who can identify the name on the account associated with an IP address provided by Hard Drive.

9.      Based on actions filed against Hard Drive in this district, Hard Drive has accused more than twenty Minnesota residents of infringing Hard Drive's purported copyrights.

## II.    NATURE OF ACTION, JURISDICTION, AND VENUE

1.      A valid and justiciable controversy has arisen and exists between Plaintiff and Hard Drive. Plaintiff desires a judicial determination

and declaration of the parties' respective rights and duties concerning Hard Drive's alleged copyrighted Work, defined *infra*. Such a determination is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the validity, enforceability, and alleged infringement of Hard Drive's copyright. An actual case or controversy exists between the parties by virtue of allegations of infringement of purported copyright-protected Work, made by Hard Drive against Plaintiff as more fully described hereinafter, and claims of invalidity, and unenforceability made by Plaintiff herein.

2.      This action arises in part under the Copyright Act, 17 U.S.C. § 101 *et seq.*

3.      Subject matter jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1338, 2201 and 2202. This court has supplemental jurisdiction over claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4.      This court has personal jurisdiction over Hard Drive because Hard Drive or its agents have sold Hard Drive's purportedly copyrighted works within and into Minnesota.

5.      Defendant makes its Work, defined *infra*, available in whole or in part within Minnesota including through the following web addresses:

      (a)      http://www.yourdirtymind.com/mae-lynn-amateur-allure.html

      (b)      www.pornexa.com/porn/free/13141/video/Amateur-Allure---MaeLynn/

6. Hard Drive identified Plaintiff as a defendant in Hard Drive's now-dismissed action in the Federal District Court for the District of Columbia, no. 1:11-cv-01741-JDB, complaint filed 09/27/11. Attached hereto as **Exhibit 1** is a true and correct copy of Hard Drive's complaint in that action. In the now-dismissed action filed by Hard Drive in the Federal District Court for the District of Columbia, Hard Drive alleged that "unlawful distribution" occurred in Minnesota. (*Hard Drive Productions Inc. v. John Does 1,495*, 1:11-cv-01741-JDB, D.D.C, dkt. 1 ¶ 5.).

7. Personal jurisdiction is further proper in this district because Hard Drive has accused Plaintiff, and threatened Plaintiff with suit, in Minnesota for distributing and offering to distribute over the Internet from Minnesota copyrighted works for which Hard Drive claims exclusive rights.

8. Personal jurisdiction over Hard Drive is also proper because Hard Drive or its agents have participated—passively or actively—in sharing Hard Drive's purportedly copyrighted works in Minnesota.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and § 1400(a), as Hard Drive asserts that Plaintiff infringed its purportedly copyrighted work by downloading or uploading such work in this district, and being responsible for such downloads or uploads here in this district where Plaintiff resides.

10. Venue is also proper in this district as Hard Drive has consented to venue in this district by sending threats of litigation into this district.

## III.   FACTUAL ALLEGATIONS

11.   Hard Drive has accused Plaintiff of infringing Hard Drive's purported copyright for the film "Amateur Allure - MaeLynne" (hereinafter, "Work.").

12.   Hard Drive has sought to recover from Plaintiff in excess of $3,000.

13.   The following are the assertions of Hard Drive's registration of "Amateur Allure – MaeLynne" on file with the Register of Copyrights:

(a)   Type of Work: Entry Not Found

(b)   Registration Number / Date: PA0001750487 / 2011-06-02

(c)   Application Title: Amateur Allure - MaeLynn.

(d)   Title: Amateur Allure - MaeLynn.

(e)   Description: Videodisc (DVD)

(f)   Copyright Claimant: Hard Drive Productions, Inc.
      Address: 8410 E. Cholla St., Scottsdale, AZ, 85260.

(g)   Date of Creation: 2011

(h)   Date of Publication: 2011-05-27

(i)   Nation of First Publication: United States

(j)   Authorship on Application: Hard Drive Productions, Inc.,
      employer for hire; Domicile: United States; Citizenship:
      United States. Authorship: editing/editor,
      direction/director, script/screenplay, production/producer,
      entire motion picture, cinematography/cinematographer.

(k)   Copyright Note: C.O. correspondence.

(l)   Names: Hard Drive Productions, Inc.

14.     Hard Drive's counsel, Prenda Law, Inc., sent into Minnesota a letter to Plaintiff, dated Sept. 21, 2012. Attached as **Exhibit 2** is a true and correct copy of the 9/21/12 Letter.

15.     In relevant part, Hard Drive's 9/21/12 Letter states as follows, "we [Hard Drive and Prenda Law] believe that providing you [Plaintiff] with an opportunity to avoid litigation by working out a settlement with us, versus the costs of attorneys' fees and the uncertainty associated with jury verdicts…. In exchange for a comprehensive release of all legal claims in this matter … our firm is authorized to accept the sum of $3,400.00 as full settlement for the claims…. *If you reject our settlement offers, we expect to serve you with a Complaint and commence litigation.*" (Bracketed information and emphasis added).

16.     Hard Drive continued to propose various unacceptable settlement proposals, usually through its counsel Jeff Schultz. Hard Drive's most recent proposal is a letter dated February 6, 2013. Attached as **Exhibit 3** is a true and correct copy of the 2/6/13 Letter.

17.     Plaintiff does not infringe, and has not infringed, Hard Drive's purported copyright on the Work. More specifically, Plaintiff has not used, uploaded or downloaded Hard Drive's Work.

18.     Hard Drive's Work is not eligible subject matter for copyright because it is illegal, immoral, or obscene.

19. Hard Drive is not entitled to any judicial remedies for alleged infringement of its Work because that Work is illegal, immoral, or obscene.

20. Hard Drive's Work will not be further described herein due to its nature, but is incorporated by reference. *Cf. Brownmark Films, LLC, v. Comedy Partners*, No. 11-2620 (7th Cir. June 7 2012).

## IV. Counts

### Count 1—Declaratory Judgment of Non-Infringement

21. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

22. Hard Drive purports to be the assignee or owner of the Work.

23. Hard Drive filed, and then dismissed a complaint in the District Court for the District of Columbia accusing Plaintiff of infringing the copyright covering the Work.

24. Plaintiff does not infringe and has not infringed Hard Drive's purportedly valid, enforceable copyright on the Work, because of, *inter alia*, non-use and the doctrines of exhaustion, license, fair use, and acquiescence.

### Count 2—Declaratory Judgment of Unenforceability, or Alternatively Invalidity

25. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

26. Hard Drive's purported copyright on the Work is unenforceable or alternatively invalid, because, *inter alia*, the Work is ineligible subject-

matter for copyright, and is barred by the doctrines of unclean hands of Hard Drive and its agents and exhaustion.

## V.     Prayer for Relief

Plaintiff prays the Court for the following relief :

A. That this Court issue an order declaring that Plaintiff is not liable to Hard Drive for copyright infringement;

B. that this Court issue an order declaring that Hard Drive's purported copyright on its Work is unenforceable or invalid;

C. that this Court issue an order awarding Plaintiff costs, disbursements, and expenses including reasonable attorney fees as authorized by law including 17 U.S.C. § 505, as appropriate together with interest; and

D. that this Court issue such other and further relief as may be just and equitable.


Dated:  February 15, 2013                    **BRIGGS AND MORGAN, P.A.**


By s/ Scott M. Flaherty
        Scott M. Flaherty (#388354)
        Kathryn M. McDonald (#391381)
80 South Eighth Street
2200 IDS Center
Minneapolis, Minnesota 55402
Telephone:   (612) 977-8745
Facsimile:    (612) 977-8650
SFlaherty@Briggs.com

**Attorneys for Plaintiff
Nathan Abshire**