

Intellectual Property Attorneys

VIA U.S. MAIL on 09/21/2012
Nate Abshire
1980 Ashland Ave. Apt. 1
St. Paul, MN 55104

Re: Hard Drive Productions, Inc. v. John Does 1-1,495
1:11-cv-01741-JDB Ref #66202

Dear Nate Abshire:

Prenda Law, Inc. has been retained by Hard Drive Productions, Inc. to pursue legal action against people who illegally downloaded their copyrighted content (i.e., 'digital pirates'). Digital piracy is a very serious problem for adult content producers, such as our client, who depend on revenues to sustain their businesses and pay their employees.

On June 7, 2011 at 00:24:55 UTC (UTC), our agents observed the IP address with which you are associated illegally downloading and sharing with others via the Bit-Torrent protocol the following copyrighted file(s):

*Amateur Allure - MaeLynn*
*The ISP you were connected to: Comcast Cable Communications*
*Your IP Address you were assigned during your illegal activity: 174.53.190.21*

We have received a subpoena return from your ISP confirming that you are indeed the person that was associated with the IP address that was performing the illegal downloading of our client's content listed above on the exact date(s) listed above.

On we filed a lawsuit involving the copyright infringement claims described above, to wit (Hard Drive Productions, Inc. v. John Does 1-1,495). Under the applicable rules of civil procedure, our lawsuit against you personally will not commence unless we serve you with a Complaint.

While it is too late to undo the illegal file sharing associated with your IP address, we have prepared an offer to enable our client to recover damages for the harm caused by the illegal downloading and to allow both parties to avoid the expense of a lawsuit.

Under the Copyright Law of the United States, copyright owners may recover up to $150,000 in statutory damages (in cases where statutory damages are applicable, which may or may not be the case here) per infringing file plus attorney's fees in cases, whereas here, infringement was willful. In at least one case where the Copyright Law has been applied to digital piracy and statutory damages were applicable, juries have awarded over $20,000 per pirated file. During the RIAA's well-publicized campaign against digital music piracy, over 30,000 people nationwide settled their cases for amounts ranging from an average of $3,000 to $12,000. More recently, on December 22, 2010, a case in which a defendant was accused of illegally downloading six works via BitTorrent, a settlement was reached for $250,000.

In light of these factors, we believe that providing you with an opportunity to avoid litigation by working out a settlement with us, versus the costs of attorneys' fees and the uncertainty associated with jury verdicts, is very reasonable and in good faith.

In exchange for a comprehensive release of all legal claims in this matter, which will enable you to avoid becoming a named Defendant in our lawsuit, our firm is authorized to accept the sum of $3,400.00 as full settlement for the claims. This offer will expire on 10/06/2012 at 4:00 p.m. CST. If you reject our settlement offers, we expect to serve you with a Complaint and commence litigation.

To reiterate: If you act promptly you will avoid being named as a Defendant in the lawsuit. You may pay the settlement amount by:

(a) Mailing a check or money order payable to "Prenda Law Inc. Trust Account" to:

> Prenda Law, Inc.
> 26298 Network Place
> Chicago, IL 60673;

(b) Completing and faxing the enclosed payment authorization to (312) 893-5677.

Be sure to reference your "Ref#" on your method of payment. Regardless of your payment method, once we have processed the settlement, we will mail you your signed Release as confirmation that your payment has been processed and that you have been released from the lawsuit.

Please consider this letter to constitute formal notice that until and unless we are able to settle our client's claim against you, we demand that you not delete any files from your computer or any other computers under your control or in your possession. If forced to proceed against you in a lawsuit, we will have a computer forensic expert inspect these computers in an effort to locate the subject content and to determine if you have deleted any content. If in the course of litigation the forensic computer evidence suggests that you deleted media files, our client will amend its complaint to add a "spoliation of evidence" claim against you. Be advised that if we prevail on this additional claim, the court could award monetary sanctions, evidentiary sanctions and reasonable attorneys' fees. If you are unfamiliar with the nature of this claim in this context, please consult an attorney.

We strongly encourage you to consult with an attorney to review your rights in connection with this matter. Although we have endeavored to provide you with accurate information, our interests are directly adverse to yours and you should not rely on the information provided in this letter for assessing your position in this case. Only an attorney who represents you can be relied upon for a comprehensive analysis of our client's claim against you.

Enclosed, please find a Frequently Asked Questions sheet, a payment authorization form and a sample of the Release that you will receive. We look forward to resolving our client's claim against you in an amicable fashion, through settlement.

Sincerely,

Paul Duffy
Attorney and Counselor at Law
Licensed in Illinois, California,
Massachusetts, and the District of Columbia
Enclosures



Protecting Intellectual Property

## PAYMENT AUTHORIZATION

I hereby authorize Prenda Law Inc. to withdraw funds from the bank account or credit card listed below for the settlement amount and legal issue referred to on my Release and herein below.

Case Name and Ref#: _____

### PAYOR INFORMATION

Payor's Name: _____

Billing Address: _____

_____

Telephone Number: _____

Signature: _____ Date: _____

### PAYMENT INFORMATION

Payment amount: $ _____

Name on Bank Account / Credit Card: _____

**If paying via bank account:**

Type of Account: Checking / Savings

Routing Number: _____ Account Number: _____

**If paying via credit card:**

Card Number: _____ Exp. Date: _____

Card Type:  ☐ Master Card  ☐ Visa  ☐ AmEx    ☐ Discover

CID Number: _____ (this is the last three digits on the back of your Master Card, Visa, or Discover Card, or the four digit number in the upper right corner on the front of your AmEx)

Fax or mail this authorization to:

Prenda Law Inc.
26298 Network Place
Chicago, IL 60673

Fax: (312) 893-5677

Fax: 312.893.5677     161 N Clark St., Suite 3200, Chicago, IL 60601     Tel: 312.880.9160

www.wefightpiracy.com

Exhibit 2

IN RE: «Case», «CaseNo»
Title of Work: «PiratedContent»

## CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is entered into as of «Letter1_Expiration» ("Effective Date"), by and between «Client», ("Owner" or "Plaintiff") and the individual or entity that was assigned IP Address «IP_Address» on «Dday» (UTC), by «ISP» (the "Subscriber" or "Defendant John Doe") (Owner and Subscriber are collectively the "Parties").

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Settlement Money.** Subscriber shall pay Owner the sum of «Settlement» (the "Settlement Money"). The Settlement Money shall be tendered in the form of a cashier's check, credit card or law firm check with no charge back or check cancellation, made payable to the order of "Prenda Law Inc." and delivered to Prenda Law Inc. 26298 Network Place, Chicago, IL 60673. Subscriber's payment, and Owner's receipt, of the Settlement Money shall be a condition precedent to Owner's obligation under this Agreement, as set forth below, to voluntarily dismiss with prejudice its claims against the Subscriber in the above referenced law suit.

2. **Confidentiality – Non Admission.** The terms of this Agreement shall be kept confidential. Notwithstanding the foregoing, in the event of any legal action or proceeding or requirement under applicable law or government regulations compelling disclosure of this Agreement or the terms hereof, the recipient shall forthwith notify the other party, in writing of such request so that the other party may seek an appropriate protective order or take other protective measures. If, in the absence of a protective order, the recipient is liability. This Agreement is the result of a compromise and shall not be construed as an admission by the Parties of any liability, wrongdoing, or responsibility on their part or on the part of their predecessors, successors, parents, subsidiaries, affiliates, attorneys, officers, directors or employees. Indeed, the Parties expressly deny any such liability, wrongdoing or responsibility.

3. **Mutual Releases.**
   a. Owner and their agents, principals, attorneys, heirs, executors, administrators, predecessors, successors, assigns and privies (the "Owner Releasors") hereby remise, release, and forever discharge Subscriber, and all of their agents, principals, partners, officers, directors, employees, associates, attorneys, insurers, heirs, executors, administrators, predecessors, successors, affiliated entities, assigns, privies, spouses and all other persons, firms or corporations, which are or might be claimed to be liable (the "Subscriber Released Parties") by virtue of the Subscriber Released Parties' liability for uploading, downloading or otherwise infringing upon Owner's copyright of the Work, which the Owner Releasors, now have or ever had against the Subscriber Released Parties for any act or omission occurring up to and including the date of this Agreement. The Owner Releasors recognize and understand that they are releasing the aforementioned liability for any act or omission occurring up to and including the date of this Agreement which relates to the Work, regardless of whether or not they knew of said act, omission or of any injury relating thereto.
   b. Subscriber and their agents, principals, partners, officers, directors, employees, associates, attorneys, insurers, heirs, executors, administrators, predecessors, successors, affiliates entities, assigns, privies, spouses and all other persons, firms or corporation, which are or might be claimed through them (the "Subscriber Releasors"), hereby remise, release, and forever discharge Owner and all of their agents, principals, partners, officers, directors, employees, associates, attorneys, insurers, heirs, family members, executors, administrators, predecessors, successors, affiliated entities, assigns, privies, spouses and all other persons, firms or corporations, which are or might be claimed to be liable (the "Owner Released Parties") by virtue of the owner Released Parties' liability, for any and all actions relating to Owner's conduct in instituting the lawsuit first referenced above in which the Subscriber Releasors, not have or ever had against the Owner Released Parties. The Subscriber Releasors recognize and understand that they are releasing the aforementioned liability for any act or omission occurring from the beginning of time up to and including the date of this Agreement, regardless of whether or not they knew of said act, omission or of any injury relating thereto.

4. **Independent Counsel.** Each party acknowledges that is has read, reviewed, and fully considered the terms of this Agreement, has had the opportunity to consult with legal counsel, has made such investigation of facts pertinent hereto as it deems necessary and appropriate, and fully understands the terms and effect of this Agreement and executes the same freely of its own accord.

5. **No Admission of Liability.** The Parties have determined that is would be in their mutual best interests not to engage in further litigation and desire to amicably resolve this matter. It is understood and agreed that this settlement is the compromise of a disputed claim, and that the payment made and other performances hereunder are not to be construed

Exhibit 2

as admissions of liability on the part of the party or parties hereby released and that the parties deny liability and intend merely to avoid litigations and buy their peace.

6. **Venue.** The venue for any action seeking to enforce or construe the meaning of this Agreement or the obligations of the Parties here under shall be the United States District Court for the Southern District of Florida.

7. **Legal Fees and Costs.** Each party shall be responsible for paying its respective legal expenses and costs incurred in connections herewith and no moneys will be exchanged except as otherwise provided for herein. Should it become necessary for either party to institute legal action to enforce the terms of this Agreement the prevailing party shall be entitled to recover from the other party the reasonable attorneys' fees and costs associated with any such actions.

8. **Binding Effect.** This Agreement shall inure to the benefit of and be binding upon the parties hereto and to their respective successors and legal representatives.

9. **Nonwaiver.** No provision of this Agreement shall be adjudged waived unless any such waiver is signed by the party against whom the waiver is asserted. The waiver by any party of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach.

10. **Severability.** If any provisions or application of this Agreement shall be held invalid or unenforceable then any such provisions shall be deemed severed from this Agreement and the remaining provisions and applications of this Agreement shall not be affected, but rather shall remain valid and enforceable.

11. **Entire Agreement.** This Agreement constitutes the entire agreement and supersedes any and all other understandings and agreements between the parties with respect to the subject matter hereof and no representation, statement or promise not contained herein shall be binding on either party. This Agreement may be modified only by a written amendment duly signed by each party.

12. **Successors and Assigns.** This Agreement shall be binding on and inure to the benefit of all parent companies, affiliates, subsidiaries, related companies, defendants, franchisees, successors and assigns of each of the parties hereto.

13. **Jointly Drafted.** The parties to this Agreement have cooperated in the drafting and preparation of this Agreement. Therefore, this Agreement shall not be construed against either party on the basis that they independently drafted this Agreement.

Authority. Each of the undersigned signatories hereby represents and warrants that he or she has the authority to bind the individual or entity on whose behalf he or she is signing this Agreement.

IN WITNESS WHEREOF,

_____
Paul A. Duffy
Prenda Law Inc.
Counsel for Plaintiff

Exhibit 2