**IN RE:** *Hard Drive Productions, Inc. v. John Does 1-1,495, Case No. 1:11-cv-01741-JDB*
**Title of Work:** *Amateur Allure - MaeLynn*

### CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is entered into as of **February 6, 2013** ("Effective Date"), by and between *Hard Drive Productions, Inc.,* ("Owner" or "Plaintiff") and **Nate Abshire**, (the "Subscriber" or "Defendant John Doe") who was assigned IP Address **174.53.190.21** on **June 7, 2011 at 00:24:55 (UTC)** by *Comcast Cable Communications* (Owner and Subscriber are collectively the "Parties").

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Settlement Money</u>. Subscriber shall pay Owner the sum of **$1,500.00** (the "Settlement Money") provided subscriber's initial payment of **$500.00** is received on or before **February 20, 2013** and subsequent monthly payments of **$500.00** are received on or before the **20th of each month** thereafter until **$1,500.00** is paid in full. The Settlement Money shall be tendered in the form of an electronic check, credit card, cashier's check, or law firm check with no charge back or check cancellation, made payable to the order of "Prenda Law Inc." and delivered to Prenda Law Inc., 161 N. Clark St., Suite 3200, Chicago, IL 60601. **(for expedited delivery, email a copy of the payment authorization form and/or check to accounting@wefightpiracy.com)**. Subscriber's payment, and Owner's receipt, of the Settlement Money shall be a condition precedent to Owner's obligation under this Agreement, as set forth below, to voluntarily dismiss with prejudice its claims against the Subscriber in the above referenced law suit.

2. <u>Confidentiality – Non Admission.</u> The terms of this Agreement shall be kept confidential. Notwithstanding the foregoing, in the event of any legal action or proceeding or requirement under applicable law or government regulations compelling disclosure of this Agreement or the terms hereof, the recipient shall forthwith notify the other party in writing of such request so that the other party may seek an appropriate protective order or take other protective measures. This Agreement is the result of a compromise and shall not be construed as an admission by the Parties of any liability, wrongdoing, or responsibility on their part or on the part of their predecessors, successors, parents, subsidiaries, affiliates, attorneys, officers, directors or employees. Indeed, the Parties expressly deny any such liability, wrongdoing or responsibility.

3. <u>Mutual Releases.</u>
    a. **Owner** and their agents, principals, attorneys, heirs, executors, administrators, predecessors, successors, assigns and privies (the "Owner Releasers"), hereby remise, release, and forever discharge Subscriber, and all of their agents, principals, partners, officers, directors, employees, associates, attorneys, insurers, heirs, executors, administrators, predecessors, successors, affiliated entities, assigns, privies, spouses and all other persons, firms or corporations, which are or might be claimed to be liable (the "Subscriber Released Parties") by virtue of the Subscriber Released Parties' liability for uploading, downloading or otherwise infringing upon Owner's copyright of the "Work", which the Owner Releasers, now have or ever had against the Subscriber Released Parties for any act or omission occurring up to and including the date of this Agreement. The Owner Releasers recognize and understand that they are releasing the aforementioned liability for any act or omission occurring up to and including the date of this Agreement which relates to the Work, regardless of whether or not they knew of said act, omission or of any injury relating thereto.
    b. **Subscriber** and their agents, principals, partners, officers, directors, employees, associates, attorneys, insurers, heirs, executors, administrators, predecessors, successors, affiliates entitles, assigns, privies, spouses and all other persons, firms or corporation, which are or might be claimed through them (the "Subscriber Releasers"), hereby remise, release, and forever discharge Owner and all of their agents, principals, partners, officers, directors, employees, associates, attorneys, insurers, heirs, family members, executors, administrators, predecessors, successors, affiliated entities, assigns, privies, spouses and all other persons, firms or corporations, which are or might be claimed to be liable (the "Owner Released Parties") by virtue of the owner Released Parties' liability, for any and all actions relating to Owner's conduct in instituting the lawsuit first referenced above in which the Subscriber Releasers, now have or ever had against the Owner Released Parties. The Subscriber Releasers recognize and understand that they are releasing the aforementioned liability for any act or omission occurring from the beginning of time up to and including the date of this

Exhibit 3

Agreement, regardless of whether or not they knew of said act, omission or of any injury relating thereto.

4. <u>Independent Counsel</u>. Each party acknowledges that is has read, reviewed, and fully considered the terms of this Agreement, has had the opportunity to consult with legal counsel, has made such investigation of facts pertinent hereto as it deems necessary and appropriate, and fully understands the terms and effect of this Agreement and executes the same freely of its own accord.

5. <u>No Admission of Liability</u>. The Parties have determined that is would be in their mutual best interests not to engage in further litigation and desire to amicably resolve this matter. It is understood and agreed that this settlement is the compromise of a disputed claim, and that the payment made and other performances hereunder are not to be construed as admissions of liability on the part of the party or parties hereby released and that the parties deny liability and intend merely to avoid litigations and buy their peace.

6. <u>Venue</u>. The venue for any action seeking to enforce or construe the meaning of this Agreement or the obligations of the Parties here under shall be the United States District Court for the Northern District of Illinois.

7. <u>Legal Fees and Costs</u>. Each party shall be responsible for paying its respective legal expenses and costs incurred in connections herewith and no moneys will be exchanged except as otherwise provided for herein. Should it become necessary for either party to institute legal action to enforce the terms of this Agreement the prevailing party shall be entitled to recover from the other party the reasonable attorneys' fees and costs associated with any such actions.

8. <u>Binding Effect</u>. This Agreement shall inure to the benefit of and be binding upon the parties hereto and to their respective successors and legal representatives.

9. <u>Nonwaiver</u>. No provision of this Agreement shall be adjudged waived unless any such waiver is signed by the party against whom the waiver is asserted. The waiver by any party of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach.

10. <u>Severability</u>. If any provisions or application of this Agreement shall be held invalid or unenforceable then any such provisions shall be deemed severed from this Agreement and the remaining provisions and applications of this Agreement shall not be affected, but rather shall remain valid and enforceable.

11. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement and supersedes any and all other understandings and agreements between the parties with respect to the subject matter hereof and no representation, statement or promised not contained herein shall be binding on either party. This Agreement may be modified only by a written amendment duly signed by each party.

12. <u>Successors and Assigns</u>. This Agreement shall be binding on and inure to the benefit of all parent companies, affiliates, subsidiaries, related companies, defendants, franchisees, successors and assigns of each of the parties hereto.

13. <u>Jointly Drafted</u>. The parties to this Agreement have cooperated in the drafting and preparation of this Agreement. Therefore, this Agreement shall not be construed against either party on the basis that they independently drafted this Agreement.

<u>Authority</u>. Each of the undersigned signatories hereby represents and warrants that he or she has the authority to bind the individual or entity on whose behalf he or she is signing this Agreement.

IN WITNESS WHEREOF,

_____
Paul A. Duffy, Esq.
Prenda Law Inc.
Counsel for Plaintiff
Hard Drive Productions, Inc.

Exhibit 3